**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SERDAR TATAR, | : | Civil No. 08-4422 (RBK) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| TROY LEVI, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> **SERDAR TATAR**, #61287-066
> USP Tucson
> P.O. Box 24550
> Tucson, AZ 85734
> Plaintiff Pro Se

> **IRENE E. DOWDY, ASSISTANT UNITED STATES ATTORNEY**
> **UNITED STATES ATTORNEY FOR DISTRICT OF NEW JERSEY**
> P.O. Box 2098
> Camden, NJ 08101
> Attorney for Defendants

**KUGLER, District Judge**

Presently before this Court is the motion to dismiss or transfer the above civil rights

action brought by Serdar Tatar ("Plaintiff"), while he was confined at the Philadelphia Detention

Center ("FDC Philadelphia") on criminal charges in the District of New Jersey in United States

v. Shnewer et al., Crim. No. 07-0459 (RBK) (D.N.J. filed June 5, 2007). The Complaint and

Amended Complaint assert claims arising from Plaintiff's detention at FDC Philadelphia from

approximately May 15, 2007 (when Magistrate Judge Schneider ordered his detention without

bail pursuant to the Bail Reform Act, 18 U.S.C. § 3142), until his sentencing on April 29, 2009.

Plaintiff brought the action in the Eastern District of Pennsylvania, which transferred the case to

this Court on September 3, 2008, within two months of filing.  Now, defendants move to either

dismiss the case without prejudice on the grounds of improper venue and/or lack of personal

jurisdiction, or to send the case back to the Eastern District of Pennsylvania.

Because this Court had proper venue when the action was brought and transferred,

because this Court has personal jurisdiction over the defendants who reside in Philadelphia, and

because this case is not a ping pong ball to be batted back and forth between the Eastern District

of Pennsylvania and the District of New Jersey, this Court will deny the motion and direct

defendants to file an answer within 20 days.

## A.  PROCEDURAL HISTORY

On July 11, 2008, the Clerk of the United States District Court for the Eastern District of

Pennsylvania received an affidavit signed on July 6, 2008, by Serdar Tatar, a pretrial detainee

confined at FDC Philadelphia.  See Tartar v. Levi, Civil No. 08-3270 (JD) docket entry #1 (E.D.

Pa. July 11, 2008).  Serdar Tatar thereafter submitted to the Clerk of the United States District

Court for the Eastern District of Pennsylvania (a) a motion for a TRO and preliminary injunction,

(b) a supporting memorandum; (c) application for appointment of counsel; and (d) amended

request for appointment of counsel.  By Order entered September 3, 2008, Judge Jan E. DuBois

transferred Tartar v. Levi, Civil No. 08-3270 (JD), to this Court.  Attached to the Order were

separate documents signed by each of the named plaintiffs, co-defendants Serdar Tatar, Dritan

Duka, Shain Duka, Eljvir Duka and Mohamed Shnewer, stating that each agrees to have the civil

case entitled Tartar v. Levi, Civil No. 08-3270 (JD), heard in the District of New Jersey, in light

of the fact that they were co-defendants in a criminal proceeding pending trial before this Court,

see United States v. Shnewer et al., Crim. No. 07-0459 (RBK) (D.N.J. filed June 5, 2007).  The

Clerk of this Court docketed the transfer Order, together with all docket entries, in a new prisoner

civil rights case entitled Tartar v. Levi, Civil No. 08-4422 (RBK) (D.N.J. filed Sept. 5, 2008).

On September 11, 2008, Serdar Tatar  filed (a) motion for a preliminary injunction,

temporary restraining order and summary judgment, (b) memorandum of law with attachments,

and (c) proposed form of order.  (Docket Entry #9.)  Serdar Tatar requested an order directing the

Warden, Assistant Warden and Classification Officer at FDC Philadelphia, to transfer him from

administrative detention in the Special Housing Unit to the general population, to cease keeping

him separate from his co-defendants, to cease setting him up with jail informants, to allow him to

have contact visits with his children, to allow him to review discovery from the criminal

proceeding with his co-defendants, and prohibiting retaliation.  (Docket Entry #9-3.)  On

February 13, 2009, Serdar Tatar filed an Amended Complaint against the BOP and eight BOP

officials at FDC Philadelphia, i.e., Warden Troy Levi, Assistant Warden Esker Tatum, Capt.

David Knox, Lt. Conrada Elliott, Lt. Demsey, Lt. Jeffrey Nicolary, Officer Andre Dover, and

Officer Angel Hidalgo.  (Docket Entry #15-1.)  Serdar Tatar's allegations in the Amended

Complaint may be summarized as follows:  (a) defendants were aware that co-defendant Dritan

Duka had threatened Serdar Tatar with physical harm on February 11, 2008; (b) defendants

thereafter failed to take reasonable action to protect Serdar Tatar from Duka; (c) on March 10,

2008, Dritan Duka physically attacked and  injured Serdar Tatar; (d) defendants deliberately

failed to provide Serdar Tatar with nutritionally adequate meals since May 7, 2007, in order to

purposefully weaken him; (e) corrections officer Hadalgo strip searched Serdar Tatar on October

10, 2008, and December 20, 2008, in a manner that humiliated Tatar and offended his religious beliefs; (f) Hadalgo tried to prevent Serdar Tatar from submitting an administrative remedy regarding the strip searches; and (g) Serdar Tatar exhausted administrative remedies before the BOP. (Docket Entry #15-1.)

By Order filed April 1, 2009 (Docket Entry #17), this Court, inter alia, granted Serdar Tatar's application to proceed in forma pauperis; directed the Clerk to file the Amended Complaint (Docket Entry #15-2) on behalf of Tatar only; screened the Amended Complaint for dismissal for failure to state a claim, as required by 28 U.S.C. §§ 1915(e)(2) and 1915A; dismissed the BOP as defendant; and ordered the Marshal to serve the Amended Complaint on the eight individual defendants.

On April 29, 2009, after a jury convicted Tatar of conspiracy to murder a member of the United States Military, this Court sentenced Plaintiff to a 396-month term of imprisonment and committed him to the custody of the Bureau of Prisons.  See United States v. Shnewer, Crim. No. 07-0459 at Docket Entry #427.  Shortly thereafter, the BOP transferred Plaintiff to USP Tucson in Arizona.  (Docket Entry #26.)

On October 26, 2009, this Court dismissed with prejudice the claims in the Amended Complaint seeking injunctive relief, since those claims became moot when Plaintiff was transferred, and denied Tatar's motion for summary judgment on his damages claims without prejudice to refiling upon a showing of proper service of process.  (Docket Entry #32.)  At Plaintiff's request, this Court thereafter dismissed all claims against defendants Bittner, Harnell and Alcono.

4

On December 18, 2009, through counsel, defendants filed the motion to dismiss or transfer the case back to the Eastern District of Pennsylvania, which is presently before this Court.  Defendants argue that dismissal or transfer is required under 28 U.S.C. § 1406(a) because this is the wrong venue, and/or because this Court lacks personal jurisdiction over defendants Dover, Conrada, Elliott, Hidalgo, Nicolary, and Tatum.  (Docket Entry #42.)

## B.  WRONG VENUE

Section 1406(a) of Title 28 provides:  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).  On its face, § 1406(a) permits dismissal or transfer only in "a case laying venue in the wrong division or district."  Salovaara v. Jackson Nat. Life Ins. Co., 246 F. 3d 289, 297 (3d Cir. 2001); see also Jumara v. State Farm Ins. Co., 55 F. 3d 873, 878 (3d Cir. 1995) ("Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case").  Moreover, if the venue is wrong, then § 1406(a) authorizes transfer "to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).  Clearly, if the case "could have been brought" in the District of New Jersey, then venue in the District of New Jersey is not the "wrong venue" within the meaning of § 1406(a).

There is no doubt that this action could have been properly brought in the District of New Jersey because Plaintiff sought injunctive relief against federal officials and a federal agency, Plaintiff resided in New Jersey when the action was brought (for venue purposes), and at least

one defendant resided in New Jersey.[1]  See 28 U.S.C. § 1391(e)(1) and (e)(3).[2]  Defendants

acknowledge as much in their brief.  See Defendants' Brief, Docket Entry #42-1 at p. 12

("[C]onsidering Tatar as a resident of New Jersey notwithstanding his temporary confinement at

FDC Philadelphia, it appears that venue of the action at [the time of transfer to the District of

New Jersey] - still as an action for injunctive relief against federal officers in their official

capacity - arguably was appropriate in th[e] District [of New Jersey] under 28 U.S.C. §

1391(e)(3)").  Nevertheless, without citing legal authority and in defiance of the language of §

1406(a), which expressly authorizes transfer from a "wrong venue" to any district where the case

"could have been brought," defendants argue that dismissal of the claims for injunctive relief

(long after the case was brought and transferred to this District) somehow transformed a venue

that was proper when the case was brought into the "wrong venue."  But this is not the way

venue works, i.e., if venue is proper when the case is brought, subsequent changes in residence of

the parties or relief sought do not require dismissal or transfer of the action under § 1406(a) on

the ground of improper venue.  If defendants' argument were to prevail, as each case progressed,

courts would have to repeatedly transfer the case on grounds of improper venue and, as a result,

the case would become a football (or a hot potato) and the merits of the case would never be

decided.

---

[1] Defendants admit that, when the action was brought, a defendant in the action resided in New Jersey.  (Defendants' Brief, Docket Entry #42-1 at p. 14.)

[2] "A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority . . . may . . . be brought in any judicial district in which [] a defendant in the action resides . . . or [] the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e)(1) and (e)(3).

Because the District of New Jersey was not the wrong venue when the action was brought and when it was transferred here from the Eastern District of Pennsylvania, § 1406(a) does not permit dismissal or transfer of the action.  See Time, Inc. v. Manning, 366 F. 2d 690, 698 n.12 (5th Cir. 1966); Riley v. Union Pacific R. Co., 177 F. 2d 673, 675 (7th Cir. 1949); Freund v. Fleetwood Enterprises, Inc., 475 F. Supp. 753 (D. Me. 1990).  This Court will accordingly deny defendants' motion to dismiss or transfer the case back to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

## C.  PERSONAL JURISDICTION

Alternatively, defendants Andre Dover, Conrada Elliott, Angel Hidalgo, Jeffrey Nicolary, and Esker L. Tatum move, pursuant to Rule 12(b)(2), to dismiss the Amended Complaint for lack of personal jurisdiction.  Defendants Dover, Elliott, Hidalgo and Nicolary filed declarations averring that, from the time Plaintiff was incarcerated at FDC Philadelphia until the present time, they have resided in Philadelphia and worked at FDC Philadelphia, and they do not own real property or otherwise have a business interest in the State of New Jersey.  (Docket Entry Nos. 42-2, 42-3, 42-4, 42-5.)  Defendant Tatum filed an a declaration averring that he has resided in Delaware since October 2005 and he owns real property in Trenton, New Jersey.  (Docket Entry #42-6.)  Although these defendants do not aver that they were served summons and the Amended Complaint, the docket establishes that each of these defendants was in fact served by the United States Marshal.  (Docket Entry #35.)

Federal Rule of Civil Procedure 4(k)(1), which governs personal jurisdiction and the territorial limits of effective service, provides:

> **In General.**  Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
>
> (A)     who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;
>
> (B)     who is a party joined under Rule . . . 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or
>
> (C)     when authorized by a federal statute.

Fed. R. Civ. P. 4(k)(1).

Under Rule 4(k)(1)(A), a district court has personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."  New Jersey's long arm rule permits service of process on non-resident defendants consistent with the limits of due process of law.  See Nicastro v. McIntyre Machinery America, Ltd., 201 N.J. 48, 72 (2010); State, Dept. of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Communications Intern., Inc., 387 N.J. Super. 487, 498 (App. Div. 2006).  "[D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement , 326 U.S. 310, 316 (1945) (citations omitted); see also D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3rd Cir. 2009).

Under Rule 4(k)(1)(B), this Court has personal jurisdiction over a defendant whose joinder is required under Rule 19 [3] and who is served within 100 miles of this Court. See Fed. R. Civ. P. 4(k)(1)(B). "Following the basic constitutional principles in this area . . , the appropriate due process rule which governs [Rule 4(k)(1)] is whether the party served had minimum contacts with the forum state or the [100-mile] bulge area so that it is fair and substantially just for the forum to impose a judgment upon the party." Sprow v. Hartford Ins. Co., 594 F.2d 412, 416 (5th Cir. 1979); see also Quinones v. Pennsylvania General Ins. Co., 804 F.2d 1167, 1177 (10th Cir. 1986); Gamble v. Lyons Precast Erectors, Inc., 825 F. Supp. 92, 94 (E.D. Pa. 1993); Crausman v. Curtiss-Wright Corp., 1988 WL 81769, *5 (D.N.J. Aug. 04, 1988).

In this case, these defendants are federal employees who work at FDC Philadelphia, a federal facility designated to house pretrial detainees for the District of New Jersey. See Fed. Bur. of Prisons, Prison Facilities, http://www.bop.gov/locations/institutions/phl/index.jsp (Sept. 16, 2010) ("The Federal Detention Center (FDC) in Philadelphia, Pennsylvania is an administrative facility, housing male and female pretrial inmates for the Eastern District of Pennsylvania, all of Delaware, and southern New Jersey"). FDC Philadelphia, located at 700 Arch Street, Philadelphia, Pennsylvania, is 3.1 miles away from this Court. It is foreseeable that District of New Jersey detainees might bring civil rights cases regarding conditions of confinement at FDC Philadelphia in the District of New Jersey, the court that ordered their pretrial detention. Moreover, it is foreseeable that the BOP, a national agency, might transfer

---

[3] Rule 19 provides: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . in that person's absence, the court cannot accord complete relief among existing parties . . ." Fed. R. Civ. P. 19(a)(1)(A).

defendants from FDC Philadelphia to one of the BOP facilities in New Jersey (FCI Fort Dix or FCI Fairton).  Under these circumstances, this Court finds that defendants have minimum contacts with the State of New Jersey and the 100-mile bulge area surrounding the Camden vicinage, such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  International Shoe Co., 326 U.S. at 316 (citations omitted).

In addition, this Court has personal jurisdiction over defendants Dover, Elliott, Hidalgo, Nicolary, and Tatum pursuant to Rule 4(k)(1)(A) and (k)(1)(B).  This Court has personal jurisdiction over these defendants under Rule 4(k)(1)(A) because they have minimum contacts with the State of New Jersey, as set forth above.  This Court has personal jurisdiction over these defendants under Rule 4(k)(1)(B), since they were served within 100 miles of Camden, New Jersey, they have minimum contacts within that 100-mile bulge area, and they are necessary parties under Rule 19.  Because this Court has personal jurisdiction over defendants, consistent with due process of law and Rule 4(k)(1), this Court will deny defendants' motion to dismiss or transfer the action back to the Eastern District of Pennsylvania for lack of personal jurisdiction.

### D.  CONCLUSION

Defendants' motion to dismiss the action based on improper venue and lack of personal jurisdiction, or to transfer the case back to the Eastern District of Pennsylvania, is denied. Defendants shall answer the Amended Complaint within 20 days.

 s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:  September 20  , 2010

10