NOT FOR PUBLICATION (Docket No. 81)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| SERDAR TATAR, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>TROY LEVI, et al., :<br>:<br>Defendants. :<br>: | Civil No. 08-4422 (RBK/AMD)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

The present case concerns a prisoner's failure-to-protect claim. This matter comes before the Court on the motion of eight Bureau of Prisons ("BOP") officials (collectively, "Defendants") at FDC Philadelphia, namely Warden Troy Levi, Assistant Warden Esker Tatum, Capt. David Knox, Lt. Conrada Elliott, Lt. Demsey, Lt. Jeffrey Nicolary, Officer Andre Dover, and Officer Angel Hidalgo, for summary judgment as to Plaintiff Serdar Tatar's claims against them. For the reasons discussed below, the Court grants the Defendants' motion.

## I.   BACKGROUND

On February 13, 2009, Serdar Tatar filed an Amended Complaint against the BOP and the eight BOP officials at FDC Philadelphia named above. Docket Entry #15-1. Serdar Tatar's allegations in the Amended Complaint may be summarized as follows: (a) Defendants were aware that Plaintiff's cellmate, Dritan Duka, had threatened Serdar Tatar with physical harm on February 11, 2008; (b) Defendants thereafter failed to take reasonable action to protect Serdar Tatar from Duka; (c) on March 10, 2008, Dritan Duka physically attacked and injured Serdar

Tatar; (d) Defendants deliberately failed to provide Serdar Tatar with nutritionally adequate meals since May 7, 2007, in order to purposefully weaken him; (e) corrections officer Hadalgo strip searched Serdar Tatar on October 10, 2008, and December 20, 2008, in a manner that humiliated Tatar and offended his religious beliefs; (f) Hadalgo tried to prevent Serdar Tatar from submitting an administrative remedy regarding the strip searches; and (g) Serdar Tatar exhausted administrative remedies before the BOP.  See id.

Defendants move for summary judgment as to all claims against all Defendants as to Plaintiff's claims against them in their official capacity.  Plaintiff does not oppose this portion of Defendants' motion.  Defendants further move for summary judgment as to Plaintiff's claims against Defendants David Dempsey, Conrada Elliott, Jeffrey Nicolary, Andre Dover and Angel Hidalgo as to all claims against them in their individual capacities.  These claims consist of: 1) a failure to protect claim, 2) an inadequate nutrition claim, and 3) a strip search claim.  After Defendants brought their motion for summary judgment, Plaintiff expressly abandoned his inadequate nutrition and strip search claims.  Pl. br. at 12 ¶ 1.  Accordingly, Plaintiff opposes Defendants' summary judgment motion only as to the failure to protect claim.

**II.    STANDARD**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, the Court is not to make credibility determinations regarding witness testimony.  Sunoco, Inc. v. MX Wholesale Fuel Corp., 565 F. Supp. 2d 572,

575 (D.N.J. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

However, to defeat a motion for summary judgment, the nonmoving party must present competent evidence that would be admissible at trial. See Stelwagon Mfg. Co. v. Tarmac Roofing Sys., 63 F.3d 1267, 1275 n.17 (3d Cir. 1995). The nonmoving party "may not rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions [or] conclusory allegations or suspicions" to establish the existence of a genuine issue of material fact. Fireman's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982) (citation omitted); see Fed. R. Civ. P. 56(e). "A party's failure to make a showing that is 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' mandates the entry of summary judgment." Watson v. Eastman Kodak Co., 235 F.3d 851, 857-58 (3d Cir. 2000) (quoting Celotex Corp., 477 U.S. at 322).

**III.    DISCUSSION**

Defendants argue that they are entitled to summary judgment as to Plaintiff's failure to protect claim because they are entitled to qualified immunity, because the harm suffered by Plaintiff was de minimis, and because Plaintiff has failed to adduce sufficient evidence to demonstrate a plausible failure to protect claim. Plaintiff argues that summary judgment should not be granted because Defendants are not entitled to qualified immunity, because Plaintiff suffered a substantial injury, and because under the circumstances, Defendants failed to properly protect Plaintiff from this injury.

To defeat summary judgment on a failure to protect claim, a prisoner must "marshal evidence sufficient to raise the inference that a prison official "knowingly and unreasonably disregarded an objectively intolerable risk of harm." Counterman v. Warren County Corr.

Facility, 176 F. App'x 234, 238 (3d Cir. 2006) (quoting Farmer v. Brennan, 511 U.S. 825, 846 (1994)).  The Court first considers whether Plaintiff has satisfied this burden, and then considers Defendants' claim that they are entitled to qualified immunity.

### A. De Minimis Injury

In order to prevail on a failure to protect claim, a plaintiff must establish evidence of the defendants' deliberate indifference to an objectively intolerable risk of harm.  Farmer, 511 U.S. at 828.  Defendants move for summary judgment on the basis that Plaintiff's injury was de minimis, and therefore could not have been a sufficiently serious deprivation of Plaintiff's Constitutional rights.  The parties agree as to the following relevant facts concerning Plaintiff's injuries:

> Dritan Duka put [Plaintiff Tatar] in a headlock; Tatar broke out of the headlock by grabbing Dritan Duka's arm and then pinned his arms, then let go; Dritan Duka grabbed Tatar's collar and let go because they thought a correctional officer was coming; Dritan Duka put Tatar in a headlock and tried unsuccessfully to flip him onto a bed; Tatar bent Duka's index finger and ended up on top of Duka.

Def. Statement of Undisputed Facts ("SUF") ¶ 24; Pl. SUF at ¶ 23.

Upon medical examination, Plaintiff was found to have a shallow laceration to the right side of his face, with swelling and redness.  Plaintiff stated in deposition that his facial injury was just "scratches" that did not require bandaging and that did not leave a scar.  Plaintiff further testified that "it wasn't a very significant damage to my face."  Finally, Plaintiff testified that the soreness in his neck lasted "about four or five days."  Exh. 1, p. 81 line 15 – p. 82 line 24; p. 87 line 24 – p. 88 line 14; Dep. Exh. Tatar-2, box 11; Exh. 5.

Based on the above discussion, the Court finds that Plaintiff, by his own admission and as confirmed by medical examination, suffered mere scratches to his face and temporary soreness in his neck that did not persist past a few days.  This level of injury cannot objectively rise to the

level of a serious harm required for the establishment of a Constitutional violation.  See Matthews v. Villella, 381 F. App'x 137, 139 (3d Cir. 2010).  Therefore, Plaintiff's failure to protect claim must be dismissed.

### B. Qualified Immunity

Defendants alternatively argue that they are entitled to summary judgment as to Plaintiff's failure to protect claim because their actions on the date in question were shielded by qualified immunity.  For the following reasons, the Court finds that Defendants are entitled to summary judgment because they had qualified immunity.

Qualified immunity protects officers from liability when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Id.

The Third Circuit uses a two-prong inquiry to determine whether a government official is entitled to qualified immunity.  Pollock v. The City of Phila., 403 Fed. Appx. 664, 669 (3d Cir. 2010) (citing Pearson v. Callahan, 555 U.S. 223 (2009)).  The first prong requires a court to "decide whether the facts . . . shown . . . make out a violation of a constitutional right."  Id. (quoting Pearson, 555 U.S. at 815-16).  Under the second prong, a court must "decide whether the right at issue was 'clearly established' at the time of [the] defendant's alleged misconduct."  Id. (quoting Pearson, 555 U.S. at 816) (internal quotation marks omitted).  Courts are permitted to use discretion as to which prong to apply first.  Giles v. Kearney, 571 F.3d 318, 325 (3d Cir. 2009) (citing Pearson, 555 U.S. at 816).  Qualified immunity is a question of law, but disputed

issues of material fact will preclude summary judgment on qualified immunity.  Id.  "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact."  Id. (quoting Pearson, 555 U.S. at 816) (internal quotation marks omitted).  Qualified immunity is an affirmative defense, and the burden of pleading it rests with the defendant.  Gomez v. Toledo, 446 U.S. 635, 639 (1980).

In the instant case, the facts demonstrate that ten weeks prior to the April 28, 2008 incident, Plaintiff requested a cell change.  Plaintiff states that had his request for a cell change been granted, Plaintiff would not have suffered the injuries he sustained.  However, the Court finds that Defendants are entitled to qualified immunity as to Plaintiff's failure to protect claim because, as described above, Plaintiff has failed to plead sufficient facts to make out a violation of his Constitutional rights.  Furthermore, as to the second prong of qualified immunity analysis, none of the named Defendants ought to have understood, under clearly established law, that their conduct would violate the Constitution.

Here, the facts show that Defendants Dempsey, Nicolary, Elliott, and Dover made a good faith assessment about the credibility of Plaintiff's request for a cell change.  After making this assessment, Defendants exercised their professional judgment to deny Plaintiff's request.  For example, at Plaintiff's request, Lieutenant Dempsey watched video footage from the law library of an altercation between Plaintiff and Duka wherein they were yelling at each other and pointing fingers at each other without touching each other.  Dempsey determined that accordingly there was no substantial risk of serious harm.  Def. SUF ¶¶ 14-16.  As discussed in the previous section, the Court notes that the Defendants' determination of the likelihood of serious physical harm to Plaintiff turned out to accurate, since Plaintiff did not suffer serious

physical harm.  The evidence demonstrates that Defendants thought Tatar was just joking around when he requested a cell change.  Lieutenant Elliott made this determination while observing that Dritan Duka was playing cards with Plaintiff at the time Plaintiff made the request.  Furthermore, when Lieutenant Elliott said that Tatar was just joking Tatar did not respond in a surprised manner.  Def. SUF 22, 22.A, 22.B; Decl. of Deft. Andre Dover.  Finally, the Court notes that at no point did Plaintiff request to be completely separated from Duka.

The Court finds that based on these facts, a reasonable prison officer would conclude that Duka did not present an objectively excessive risk of serious harm to Plaintiff. Accordingly, Defendants' motion for summary judgment must be granted based on qualified immunity.

### IV.    CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment is GRANTED as to all counts.  An appropriate Order shall issue today.


Dated: 6/19/2012                                           /s/ Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge